UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TREVOR BURNS,

       Plaintiff,

   - against -

THOMAS GRIFFIN, et al.,

       Defendants.
------------------------------------------------------------------X

16 Civ. 0782 (VB) (PED)

**DECLARATION OF
CARL J. PIERCE**

   CARL J. PIERCE, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

   1. I am a Lieutenant with the New York State Department of Corrections and Community Supervision ("DOCCS"). I provide this declaration in support of defendants' objection to plaintiff's request for information pertaining to the brand, type or kind of chemical agent deployed at Green Haven Correctional Facility ("Green Haven") on August 3, 2015, based upon my personal knowledge and my review of documents pertinent to this case.

   2. I have worked for DOCCS for over 31 years. During this time, I have served as a corrections officer at Green Haven and Coxsackie Correctional Facility. I have also held the rank of Sergeant and worked at Fishkill Correctional Facility, Great Meadow Correctional Facility, Greene Correctional Facility and Coxsackie Correctional Facility. I previously held the positions of Warrant Extradition, Recruit and Radio Communications Sergeant, and presently hold the position of Training Academy Administration Lieutenant and am the team leader for the Correctional Emergency Response Team ("CERT") unit, which is stationed at the Academy.

3. I am certified by the Municipal Police Training Council ("MPTC")as an instructor in Chemical Agents, Firearms, Unarmed Self Defense, and Baton. For approximately 18 years, I have instructed such at the Academy. I also conduct in-service training as well to the departments' field CERT teams.

4. As the Administration/CERT Lieutenant, I have direct oversight to ensure that all mandated training is received and properly recorded.

5. As part of my duties, I monitor In-Service training in conjunction with the In-Service Training Sergeant. Additionally, I oversee the daily operations of the Academy ranges both chemical agent and firearms, and along with the Academy Captain, I oversee the operational readiness of the 21 CERT teams which includes training records, equipment inventory and supplies. Moreover, I provide direct oversight or participation in special projects or details related to CERT.

6. It is my understanding that the Plaintiff Trevor Burns, a DOCCS' inmate bearing Departmental Identification Number ("DIN") 97-A-6087, claims in this lawsuit that his Eighth Amendment rights were violated on August 3, 2015, when chemical agents were released into the West Mess Hall at Green Haven in response to a physical altercation involving multiple inmates.

7. I also understand that Plaintiff has requested that the Defendants disclose the brand, type or make of the chemical agent deployed in the mess hall at Green Haven on August 3, 2015.

8. Chemical agents have been used by law enforcement, the US Postal Service and others for decades as an effective security tool. Chemical agents are utilized as a law

2

enforcement tool because they have been determined to be non-lethal, quick acting, and have a short-term effect on the subject.

9. Disclosure of the brand, type or kind of chemical agent that DOCCS utilizes would pose a serious threat to the safety and security of both staff and inmates. An inmate although being incarcerated has many ways to access information. Family, friends, and co-conspirators are often times more than willing to research ways to secrete contraband into a correctional facility.

10. If an inmate was to have knowledge of the chemical agents used by DOCCS, they would then be able to get information on the effects the agent has and educate themselves and other inmates on ways to limit these effects, which reduces our ability to maintain the safety and security of the facility.

11. The fact that most inmates do not know the type or kind of chemical agent available is a stratagem that law enforcement relies upon for the effective use of the particular chemical agent. If an inmate has the knowledge that the chemical agent is an irritant agent or an inflammatory lacrimation agent, as chemical agents are not all classified the same, he could then research and look for ways to limit or reduce its desired effect.

12. If the deployment of chemical agents is warranted to address a major disturbance or gain control in an emergency situation, such as the incident in this lawsuit, and the inmates have the ability to counter the effects of the chemical agent, which the inmates would have if provided the type or kind of chemical agent, it would place all persons involved or not involved at risk of serious injury and compromise the safety and security of the facility.

13. Based upon the foregoing, I respectfully request that the Court deny the Plaintiff's request for the disclosure of the brand, kind or type of chemical agent deployed on August 3, 2015.

Dated: July 12, 2017
Albany, NY

_____
CARL J. PIERCE

Sworn to before me
this 12th day of July, 2017

_____

ROBIN J LAWYER
Notary Public, State of New York
No. 01LA6332145
Qualified in Saratoga County
Commission Expires Oct. 26, 2019

4