Exhibit J



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION

GREEN HAVEN CORRECTIONAL FACILITY
594 RT. 216
STORMVILLE, NY 12582

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

THOMAS R. GRIFFIN
SUPERINTENDENT

## MEMORANDUM

**TO:**  Superintendent Griffin

**FROM:**  L. Stanaway, IGP Supervisor

**SUBJECT:**  Initial Superintendent Reviw of Grievance Coded 49 – Staff Misconduct

**DATE:**  _4/21/15_

Grievant's Name: _Burns_ DIN _97A6087_ Loc _B2 -201_

GRIEVANCE NUMBER:  GH _79436 -15_

Attached is a grievance that has been coded as a 49 – Staff Misconduct. Please review within 24 hours, and note your findings:

Superintendent Initial: _____

Date Reviewed: _4/23/15_

_X_  I concur with the filing of this grievance as being coded 49.
An investigation by _____ can proceed.

_____  I DO NOT concur with the filing of this grievance as being coded 49.
The following action should be taken:

_____  This incident has been previously or is currently being investigated
By_____ .

_____

_____

_____

Please return the attached to the IGP Supervisor.       Thank you.

Cc! Diversity Management (Sent 5/12)

HISTORICAL GRVCS 000105

6/2014

<u>INMATE GRIEVANCE RESOLUTION COMMITTEE</u>
<u>ACKNOWLEDGEMENT OF RECEIPT</u>

TO: _____ *BURNS* ____ DIN *97A6087* LOC. *B2-201*

FROM: IGRC OFFICE: Incident date: *4/16* Action Request: ___Signature:___

CODE ___ *49* ___ TITLE: *DISCRIMINATION*

This notice is to inform you that your grievance has been received by this office on

___*4/17*___. It has been given the log number GH *79436-15*

Your log number, DIN, and cell location must be included on any inquiry made concerning your grievance.

Upon completion of an investigation into your grievance, you will be scheduled for an IGRC hearing. According to Directive #4040 if you do not appeal for the hearing without a legitimate reason, the IGRC will hold a hearing in absentia.

If your grievance is numbered as part of a consolidated issue, you may or may not be called for a hearing. However, you will receive a copy of the grievance committee's decision, and you may appeal any decision in accordance with Directive #4040.

Directive #4040 701.3(a) *Inmate's Responsibility.* An inmate is encouraged to resolve his complaints through the guidance and counseling unit the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance. Although a facility may not impose pre-conditions for submission of a grievance, the failure of an inmate to attempt to resolve a problem on his own may result in the dismissal and closing of a grievance at an IGRC hearing.

*Notice of Return: Please resubmit with correction requested.*

Please be advised that your grievance received on _____ is being returned to you via callout for one or more of the following reasons. You will be placed on a callout to meet with an IGRC Inmate Representative to make any necessary corrections.

___No action request, please indicate one.    ___No incident date noted.

___No signature    ___Non-grievable per Directive #4040

___Unable to understand handwriting.

___Other (as indicated below):

APR 21 2015

IGP Supervisor Stanaway_____

HISTORICAL GRVCS 000106

code 49

DISCRIMINATION

| Grievance No. |
|---|
| 79436-15 |

## GREEN HAVEN CORRECTIONAL FACILITY

Date 4/21/15

Name BURNS      Din. No. 97A6087 Housing Unit B2-201

Program _____ AM _____ PM _____

*(Please Print or Type - This form must be filled within 21 calendar days of Grievance Incident)* *

Description of Problem: (Please make as brief as possible) _____

S/A

Grievant
Signature _____

Grievance Clerk _____ Date: _____

Advisor Requested ☐ Yes   ☐ No   Who: _____

Action requested by inmate:

_____

This Grievance has been formally resolved as follows:            APR 21 2015

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
signature _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

HISTORICAL GRVCS 000107

WHITE COPY - IGRC        YELLOW COPY - GRIEVANT

Name: Mr. Trevor Burns     Number: 97-A-6087     Program: Porter
Facility: Green Haven     Cell Location: E-2-201     Date: April 16, 2015

## GRIEVANCE & CIVIL SERVICE LAW COMPLAINT

#79436-15

APR 2 1 2015

Re: Formal complaint Under Civil Service Law § 75(1)(2)(3)

Description of Incident: That on April 16, 2015, between the times of 1:00 p.m. & 1:30 p.m., Mr. Trevor Burns ("Grievant") was proceeding to recreation from E-Block. Upon reaching the yard door Grievant was ordered to display his identification card by Correctional Officer Naggy ("Naggy"). Naggy began asserting an unprofessional, annoying, and threatening tone of voice without justification. Naggy derisively asked why Grievant was proceeding to recreation, and he's not entitled afternoon yard since he's a Porter. Grievant inquired as to Naggy's reason for rejecting him federal law mandated daily hour exercise (See U.S. Const. Amenda I, VII, XIV). Naggy immediately put on black gloves aggressively stepping towards Grievant stating: "What are you a smart ass ... dummy." Grievant inhaled a substantial smell of alcohol on his breath in violation of State of New York Department of Correctional Services, Employees' Manual ("Employees' Manual"), § 2.10. In an effort to exacerbate his opprobrious behavior, Naggy threatened Grievant with physical violence and, administered derogatory racial slurs, in violation of Employees' Manual §§ 2.1, 2.2, 2.8.; see also Corrections Law § 137.5. Naggy repulsively told Grievant that he b[e]at t[h]e shit out of dumb niggers that sue fellow officers. This violated Grievants state and federal constitutional rights prohibiting retaliation for exercising First Amendment right to petition the government; Eighth & Fourteenth Amendment to be free from retaliation and cruel and unusual punishment. See Employees' Manual §§ 2.1, 2.2, 2.8; 2.12; Corrections Law § 137.5, 138.4. As Grievant was walking away, Naggy continued to threaten Grievant stating there is nothing I can do because his father was a lieutenant in corrections.

Signature: _____

Date: April 16, 2015

Action Requested: I request a full investigation including the following:

1    Naggy be given a Mental Evaluation and Examination, pursuant to Civil Service Rules and Regulations § 21.8(1), as a result of his unprofessional manner showing an aggressive threatening attitude and antisocial racist behavior, incapable of supervising offenders without abusing their federal and state constitutional rights.

2    That pursuant to Correctional Law §138.4, TITLE 7 Correctional Services § 701.10(6)(c)(2)(3), no reprisal of any kind shall be taken against Grievant, including but not limited to retaliation of any kind, such as planting weapons, physical and verbal abuse, falsifying misbehavior reports, tainting urine test, unlawful frisk and strip frisk, and planting drugs upon Grievant

Note:  Grievant reasonably concludes that, due to his copious amount of litigations in federal courts, where he successfully prevailed in Trevor Burns v. C.O. Moore #14773, at. al, 99 Civ. 0966(LMM)(S.D.N.Y.); Trevor Burns v. Larry Zwillinger, 02 Civ. 5802(LMM)(S.N.N.Y.); Trevor Burns v. Sergeant Trombly, 9:05-Civ-1204(GLS)(N.D.N.Y.); Trevor Burns v. C.O. Martinez, et. al, 08 Civ. 4835(LAK)(S.D.N.Y.); Henderson v. Trevor Burns, Index No.: 833/2012 (Hon. Christina A. Sproat, J.S.C.)(Supreme Court, Dutchess County), Naggy is retaliating with racial slurs and threats of violence is an officer I successfully prevailed against worked in the block where he's assigned.

forwarded to the below addresses

Federal Bureau of Investigations
J. Edgar Hoover Building
935 Pennsylvania Avenue N.W.
Washington, DC 20535-0001

Office of the Inspector General (NYS)
Executive Chamber
State Capital
Albany, New York 12224

Ms. Abby Rudanik, Esq.
O'Melveny & Myers, LLP
Times Square Tower
7 Times Square
New York, New York 10036

State of New York DOCCS
The Harrison State Campus Bldg. #2
1220 Washington Avenue
Albany, New York 12226-2050

Mr. William V. Grady, D.A.          Mr. James Bogin
Dutchess County District Attorney    Prisoners' Legal Services of New York
236 Main Street                  41 State Street, Suite M112
Poughkeepsie, N.Y. 12601         Albany, New York 12207

Governor's Office               F.B.I. New York Regional Office
Executive Chamber              26 Federal Plaza
State Capital                  Room 3630
Albany, New York 12224         New York, New York 10278-0140

Superintendent, Green Haven
_____

[1] In the event Naggy engage in any criminal action following this complaint Grievant will immediately file an Accusatory Instrument, Felony Complaint, pursuant C.P.L. §1.20, with Supreme Court, Dutchess County.

HISTORICAL GRVCS 000110

code 49

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION
**GRIEVANCE COMPLAINT**

*DISCRIMINATION*

| | Grievance No. |
|---|---|
| | 79436-15 |

**GREEN HAVEN CORRECTIONAL FACILITY**

Date 4/21/15

Name BURNS  Din. No. 97A6027 Housing Unit B2-201

Program _____ AM_____ PM_____

*(Please Print or Type - This form must be filled within 21 calendar days of Grievance Incident)*

Description of Problem: (Please make as brief as possible) _____

_____ S/A _____

_____

_____

_____

Grievant
Signature _____

Grievance Clerk _____ Date: _____

Advisor Requested ☐ Yes ☐ No Who: _____

Action requested by inmate:

_____

_____

_____

This Grievance has been formally resolved as follows:    APR 2 1 2015

_____

_____

_____

This <u>Informal Resolution</u> is accepted:
(To be completed only if resolved prior to hearing)

Grievant
signature _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

WHITE COPY - IGRC        YELLOW COPY - GRIEVANT

Name: Mr. Trevor Burns        Number: 97-A-6087        Program: Porter
Facility: Green Haven         Cell Location: B-2-201    Date: April 16, 2015

<u>GRIEVANCE & CIVIL SERVICE LAW COMPLAINT</u>        #79436-15

Re: Formal complaint Under Civil Service Law § 75(1)(2)(3)        APR 2 1 2015

Description of Incident: That on April 16, 2015, between the times of 1:00 p.m. & 1:30 p.m., Mr. Trevor Burns ("Grievant") was proceeding to recreation from B-Block. Upon reaching the yard door Grievant was ordered to display his identification card by Correctional Officer Naggy ("Naggy"). Naggy began asserting an unprofessional, annoying, and threatening tone of voice without justification. Naggy derisively asked why Grievant was proceeding to recreation, and he's not entitled afternoon yard since he's a Porter. Grievant inquired as to Naggy's reason for rejecting him federal law mandated daily hour exercise (See U.S. Const. Amends I, VII, XIV). Naggy immediately put on black gloves aggressively stepping towards Grievant stating: "What are you a smart ass ... dummy." Grievant inhaled a substantial small of alcohol on his breath in violation of State of New York Department of Correctional Services, Employees' Manual ("Employees' Manual"), § 2.10. In an effort to exacerbate his opprobrious behavior, Naggy threatened Grievant with physical violence and, administered derogatory racial slurs, in violation of Employees' Manual §§ 2.1, 2.2, 2.8.; see also Corrections Law § 137.5. Naggy repulsively told Grievant that he b[e]at t[h]e shit out of dumb niggers that sue fellow officers. This violated Grievants state and federal constitutional rights prohibiting retaliation for exercising First Amendment right to petition the government; Eighth & Fourteenth Amendment to be free from retaliation and cruel and unusual punishment. See Employees' Manual §§ 2.1, 2.2, 2.8, 2.12; Corrections Law § 137.5, 138.4. As Grievant was walking away, Naggy continued to threaten Grievant stating there is nothing I can do because his father was a lieutenant in corrections.

Signature: J. B.
Date: April 16, 2015

Action Requested: I request a full investigation including the following:

HISTORICAL GRVCS 000112

1    Naggy be given a Mental Evaluation and Examination, pursuant to Civil Service Rules and Regulations § 21.8(1), as a result of his unprofessional manner showing an aggressive threatening attitude and antisocial racist behavior, incapable of supervising offenders without abusing their federal and state constitutional rights.

2    That pursuant to Correctional Law §138.4, TITLE 7 Correctional Services § 701.10(6)(c)(2)(3), no reprisal of any kind shall be taken against Grievant, including but not limited to retaliation of any kind, such as planting weapons, physical and verbal abuse, falsifying misbehavior reports, tainting urine test, unlawful frisk and strip frisk, and planting drugs upon Grievant

Note: Grievant reasonably concludes that, due to his copious amount of litigations in federal courts, where he successfully prevailed in Trevor Burns v. C.O. Moore #14773, et. al, 99 Civ. 0966(LMM)(S.D.N.Y.); Trevor Burns v. Larry Zwillinger, 02 Civ. 5802(LMM)(S.D.N.Y.); Trevor Burns v. Sergeant Trombly, 9:05-Civ-1204(GLS)(N.D.N.Y.); Trevor Burns v. C.O. Martinez, et. al, 08 Civ. 4835(LAK)(S.D.N.Y.); Henderson v. Trevor Burns, Index No.: 833/2012 (Hon. Christina A. Sproat, J.S.C.)(Supreme Court, Dutchess County), Naggy is retaliating with racial slurs and threats of violence is an officer I successfully prevailed against worked in the block where he's assigned.

forwarded to the below addresses

Federal Bureau of Investigations
J. Edgar Hoover Building
935 Pennsylvania Avenue N.W.
Washington, DC 20535-0001

Office of the Inspector General (NYS)
Executive Chamber
State Capital
Albany, New York 12224

Ms. Abby Rudznik, Esq.
O'Melveny & Myers, LLP
Times Square Tower
7 Times Square
New York, New York 10086

State of New York DOCCS
The Harriman State Campus Bldg. #2
1220 Washington Avenue
Albany, New York 12226-2050

Mr. William V. Grady, D.A.
Dutchess County District Attorney
236 Main Street
Poughkeepsie, N.Y. 12601

Mr. James Bogin
Prisoners' Legal Services of New York
41 State Street, Suite M112
Albany, New York 12207

Governor's Office
Executive Chamber
State Capital
Albany, New York 12224

F.B.I. New York Regional Office
26 Federal Plaza
Room 3630
New York, New York 10278-0140

Superintendent, Green Haven

----

[1] In the event Naggy engage in any criminal action following this complaint Grievant will immediately file an Accusatory Instrument, Felony Complaint, pursuant C.P.L. §1.20, with Supreme Court, Dutchess County.

code 49

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION
**GRIEVANCE COMPLAINT**

DISCRIMINATION

| Grievance No. |
|---|
| 79436-15 |

**GREEN HAVEN CORRECTIONAL FACILITY**

Date 4/21/15

Name _BURNS_   Din. No. 97A6087 Housing Unit B2-201

Program _____ AM_____ PM_____

*(Please Print or Type - This form must be filled within 21 calendar days of Grievance Incident)\**

Description of Problem: (Please make as brief as possible) _____

_____ S/A _____

_____

_____

_____

Grievant
Signature _____

Grievance Clerk _____ Date: _____

Advisor Requested  ☐ Yes  ☐ No  Who: _____

Action requested by inmate:

_____

_____

This Grievance has been formally resolved as follows:

APR 21 2015

_____

_____

_____

This <u>Informal Resolution</u> is accepted:
(To be completed only if resolved prior to hearing)

Grievant
signature _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

HISTORICAL GRVCS 000115

WHITE COPY - IGRC        YELLOW COPY - GRIEVANT

(49) DISCRIMINATION

Name: Mr. Trevor Burns     Number: 97-A-6087     Program: Porter
Facility: Green Haven      Cell Location: B-2-201     Date: April 16, 2015

## GRIEVANCE & CIVIL SERVICE LAW COMPLAINT

#79436-15

Re: Formal complaint Under Civil Service Law § 75(1)(2)(3)

APR 2 1 2015

Description of Incident: That on April 16, 2015, between the times of 1:00 p.m. & 1:30 p.m., Mr. Trevor Burns ("Grievant") was proceeding to recreation from B-Block. Upon reaching the yard door Grievant was ordered to display his identification card by Correctional Officer Naggy ("Naggy"). Naggy began asserting an unprofessional, annoying, and threatening tone of voice without justification. Naggy derisively asked why Grievant was proceeding to recreation, and he's not entitled afternoon yard since he's a Porter. Grievant inquired as to Naggy's reason for rejecting him federal law mandated daily hour exercise (See U.S. Const. Amends I, VII, XIV). Naggy immediately put on black gloves aggressively stepping towards Grievant stating: "What are you a smart ass ... dummy." Grievant inhaled a substantial smell of alcohol on his breath in violation of State of New York Department of Correctional Services, Employees' Manual ("Employees' Manual"), § 2.10. In an effort to exacerbate his opprobrious behavior, Naggy threatened Grievant with physical violence and, administered derogatory racial slurs, in violation of Employees' Manual §§ 2.1, 2.2, 2.8.; see also Corrections Law § 137.5. Naggy repulsively told Grievant that he b[e]at t[h]e shit out of dumb niggers that sue fellow officers. This violated Grievants state and federal constitutional rights prohibiting retaliation for exercising First Amendment right to petition the government; Eighth & Fourteenth Amendment to be free from retaliation and cruel and unusual punishment. See Employees' Manual §§ 2.1, 2.2, 2.8, 2.12; Corrections Law § 137.5, 138.4. As Grievant was walking away, Naggy continued to threaten Grievant stating there is nothing I can do because his father was a Lieutenant in corrections.

Signature: _J~ B~_

Date: April 16, 2015

Action Requested: I request a full investigation including the following:

1   Naggy be given a Mental Evaluation and Examination, pursuant to Civil Service Rules and Regulations § 21.8(1), as a result of his unprofessional manner showing an aggressive threatening attitude and antisocial racist behavior, incapable of supervising offenders without abusing their federal and state constitutional rights.

2   That pursuant to Correctional Law §138.4, TITLE 7 Correctional Services § 701.10(6)(a)(2)(3), no reprisal of any kind shall be taken against Grievant, including but not limited to retaliation of any kind, such as planting weapons, physical and verbal abuse, falsifying misbehavior reports, tainting urine test, unlawful frisk and strip frisk, and planting drugs upon Grievant

Note: Grievant reasonably concludes that, due to his copious amount of litigations in federal courts, where he successfully prevailed in Trevor Burns v. C.O. Moore #14773, et. al, 99 Civ. 0966(IMM)(S.D.N.Y.); Trevor Burns v. Larry Zwillinger, 02 Civ. 5802(IMM)(S.H.N.Y.); Trevor Burns v. Sergeant Trombly, 9:05-Civ-1204(GLS)(N.D.N.Y.); Trevor Burns v. C.O. Martinez, et. al, 08 Civ. 4835(LAK)(S.D.N.Y.); Henderson v. Trevor Burns, Index No.: 833/2012 (Hon. Christina A. Sproat, J.S.C.)(Supreme Court, Dutchess County), Naggy is retaliating with racial slurs and threats of violence is an officer I successfully prevailed against worked in the block where he's assigned.

forwarded to the below addresses

Federal Bureau of Investigations
J. Edgar Hoover Building
935 Pennsylvania Avenue N.W.
Washington, DC 20535-0001

Office of the Inspector General (NYS)
Executive Chamber
State Capital
Albany, New York 12224

Ms. Abby Rudanik, Esq.
O'Melveny & Myers, LLP
Times Square Tower
7 Times Square
New York, New York 10086

State of New York DOCCS
The Harriman State Campus Bldg. #2
1220 Washington Avenue
Albany, New York 12226-2050

Mr. William V. Grady, D.A.
Dutchess County District Attorney
236 Main Street
Poughkeepsia, N.Y. 12301

Mr. James Bogin
Prisoners' Legal Services of New York
41 State Street, Suite M112
Albany, New York 12207

Governor's Office
Executive Chamber
State Capital
Albany, New York 12224

F.B.I. New York Regional Office
26 Federal Plaza
Room 3630
New York, New York 10278-0140

Superintendent, Green Haven

---

[1] In the event Naggy engage in any criminal action following this complaint
Grievant will immediately file an Accusatory Instrument, Felony Complaint,
pursuant C.P.L. §1.20, with Supreme Court, Dutchess County.

HISTORICAL GRVCS 000118



STATE OF NEW YORK

## DEPARTMENT OF CORRECTIONS
## AND COMMUNITY SUPERVISION

GREEN HAVEN CORRECTIONAL FACILITY
594 RT. 216
STORMVILLE, NY 12582

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

THOMAS R. GRIFFIN
SUPERINTENDENT

## MEMORANDUM

**TO:**   Superintendent Griffin

**FROM:**   L. Stanaway, IGP Supervisor

**SUBJECT:**   Initial Superintendent Reviw of Grievance Coded 49 – Staff Misconduct

**DATE:** _____ 4/21/15 _____

Grievant's Name: _____ *Burns* _____ DIN *97A6087* Loc *B2 -201*

GRIEVANCE NUMBER:   GH ___ *79436 -15* ___

Attached is a grievance that has been coded as a 49 – Staff Misconduct.  Please
review within 24 hours, and note your findings:

Superintendent Initial: _____

Date Reviewed: _____ 4/23/15 _____

_X_   I concur with the filing of this grievance as being coded 49.
      An investigation by _____ can proceed.

_____   I DO NOT concur with the filing of this grievance as being coded 49.
        The following action should be taken:

_____   This incident has been previously or is currently being investigated
        By_____.

_____
_____
_____
_____

Please return the attached to the IGP Supervisor.          Thank you.

HISTORICAL GRVCS 000119

## INMATE GRIEVANCE RESOLUTION COMMITTEE
## ACKNOWLEDGEMENT OF RECEIPT

TO: _BURNS_ DIN _97A6087_ LOC. _B2 - 201_

FROM: IGRC OFFICE: Incident date: _4/16_ Action Request:_____ Signature:___

CODE _49_ TITLE: _DISCRIMINATION_

This notice is to inform you that your grievance has been received by this office on

_____ _4/17_ _____. It has been given the log number GH _79436 - 1.5_

Your log number, DIN, and cell location must be included on any inquiry made concerning your grievance.

Upon completion of an investigation into your grievance, you will be scheduled for an IGRC hearing. According to Directive #4040 if you do not appeal for the hearing without a legitimate reason, the IGRC will hold a hearing in absentia.

If your grievance is numbered as part of a consolidated issue, you may or may not be called for a hearing. However, you will receive a copy of the grievance committee's decision, and you may appeal any decision in accordance with Directive #4040.

Directive #4040 701.3(a) *Inmate's Responsibility.* An inmate is encouraged to resolve his complaints through the guidance and counseling unit the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance. Although a facility may not impose pre-conditions for submission of a grievance, the failure of an inmate to attempt to resolve a problem on his own may result in the dismissal and closing of a grievance at an IGRC hearing.

**\*Notice of Return:** *Please resubmit with correction requested.*

Please be advised that your grievance received on _____, is being returned to you via callout for one or more of the following reasons. You will be placed on a callout to meet with an IGRC Inmate Representative to make any necessary corrections.

___No action request, please indicate one.       ___No incident date noted.

___No signature       ___Non-grievable per Directive #4040

___Unable to understand handwriting.

___Other (as indicated below):       APR 2 1 2015

_____

_____

IGP Supervisor Stanaway_____

code
49

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION
**GRIEVANCE COMPLAINT**

*DISCRIMINATION*

**GREEN HAVEN CORRECTIONAL FACILITY**

| Grievance No. |
|---|
| 79436-15 |

Date 4/21/15

Name _BURNS_ Din. No. 97A6087 Housing Unit _B2-201_

Program _____ AM_____ PM_____

*(Please Print or Type - This form must be filled within 21 calendar days of Grievance Incident)\**

Description of Problem: (Please make as brief as possible) _____

_____ S/A _____

_____

_____

_____

_____

Grievant
Signature _____

Grievance Clerk _____ Date: _____

Advisor Requested ☐ Yes ☐ No Who: _____

Action requested by inmate:

_____

_____

This Grievance has been formally resolved as follows:            APR 2 1 2015

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
signature _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
\*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

HISTORICAL GRVCS 000121

WHITE COPY - IGRC          YELLOW COPY - GRIEVANT

(49) DISCRIMINATION

Name: Mr. Trevor Burns          Number: 97-A-6087          Program: Porter
Facility: Green Haven           Cell Location: B-2-201       Date: April 16, 2015

GRIEVANCE & CIVIL SERVICE LAW COMPLAINT          #79436-15

Re: Formal complaint Under Civil Service Law § 75(1)(2)(3)

APR 2 1 2015

Description of Incident: That on April 16, 2015, between the times of 1:00
p.m. & 1:30 p.m., Mr. Trevor Burns ("Grievant") was proceeding to recreation
from E-Block. Upon reaching the yard door Grievant was ordered to display his
identification card by Correctional Officer Naggy ("Naggy"). Naggy began
asserting an unprofessional, annoying, and threatening tone of voice without
justification. Naggy derisively asked why Grievant was proceeding to recreation,
and he's not entitled afternoon yard since he's a Porter. Grievant inquired as
to Naggy's reason for rejecting him federal law mandated daily hour exercise
(See U.S. Const. Amends I, VII, XIV). Naggy immediately put on black gloves
aggressively stepping towards Grievant stating: "What are you a smart ass ...
dummy." Grievant inhaled a substantial smell of alcohol on his breath in
violation of State of New York Department of Correctional Services, Employees'
Manual ("Employees' Manual"), § 2.10. In an effort to exacerbate his opprobrious
behavior, Naggy threatened Grievant with physical violence and, administered
derogatory racial slurs, in violation of Employees' Manual §§ 2.1, 2.2, 2.8.;
see also Corrections Law § 137.5. Naggy repulsively told Grievant that he b[e]at
t[h]e shit out of dumb niggers that sue fellow officers. This violated Grievants
state and federal constitutional rights prohibiting retaliation for exercising
First Amendment right to petition the government; Eighth & Fourteenth Amendment
to be free from retaliation and cruel and unusual punishment. See Employees'
Manual §§ 2.1, 2.2, 2.8, 2.12; Corrections Law § 137.5, 138.4. As Grievant was
walking away, Naggy continued to threaten Grievant stating there is nothing I
can do because his father was a Lieutenant in corrections.

Signature: [signature]
Date: April 16, 2015

Action Requested: I request a full investigation including the following:

1    Naggy be given a Mental Evaluation and Examination, pursuant to Civil Service Rules and Regulations § 21.8(1), as a result of his unprofessional manner showing an aggressive threatening attitude and antisocial racist behavior, incapable of supervising offenders without abusing their federal and state constitutional rights.

2    That pursuant to Correctional Law §138.4, TITLE 7 Correctional Services § 701.10(6)(c)(2)(3), no reprisal of any kind shall be taken against Grievant, including but not limited to retaliation of any kind, such as planting weapons, physical and verbal abuse, falsifying misbehavior reports, tainting urine test, unlawful frisk and strip frisk, and planting drugs upon Grievant

Note: Grievant reasonably concludes that, due to his copious amount of litigations in federal courts, where he successfully prevailed in Trevor Burns v. C.O. Moore #14773, et. al, 99 Civ. 0966(LMM)(S.D.N.Y.); Trevor Burns v. Larry Zwillinger, 02 Civ. 5802(LMM)(S.D.N.Y.); Trevor Burns v. Sergeant Trombly, 9:05-Civ-1204(GLS)(N.D.N.Y.); Trevor Burns v. C.O. Martinez, et. al, 08 Civ. 4835(LAK)(S.D.N.Y.); Henderson v. Trevor Burns, Index No.: 833/2012 (Hon. Christina A. Sproat, J.S.C.)(Supreme Court, Dutchess County), Naggy is retaliating with racial slurs and threats of violence is an officer I successfully prevailed against worked in the block where he's assigned.

                    forwarded to the below addresses

Federal Bureau of Investigations          Office of the Inspector General (NYS)
J. Edgar Hoover Building                   Executive Chamber
935 Pennsylvania Avenue N.W.               State Capitol
Washington, DC 20535-0001                  Albany, New York 12224


Ms. Abby Rudanik, Esq.                     State of New York DOCCS
O'Melveny & Myers, LLP                     The Harriman State Campus Bldg. #2
Times Square Tower                         1220 Washington Avenue
7 Times Square                             Albany, New York 12226-2050
New York, New York 10036

Mr. William V. Grady, D.A.
Dutchess County District Attorney
236 Main Street
Poughkeepsie, N.Y. 12601

Mr. James Bogin
Prisoners' Legal Services of New York
41 State Street, Suite M112
Albany, New York 12207

Governor's Office
Executive Chamber
State Capital
Albany, New York 12224

F.B.I. New York Regional Office
26 Federal Plaza
Room 3630
New York, New York 10278-0140

Superintendent, Green Haven

---

[1]In the event Nagy engage in any criminal action following this complaint Grievant will immediately file an Accusatory Instrument, Felony Complaint, pursuant C.P.L. §1.20, with Supreme Court, Dutchess County.

**Stanaway, Laura A (DOCCS)**

| | |
|---|---|
| From: | Loren, Rebecca A (DOCCS) |
| Sent: | Monday, May 18, 2015 8:36 AM |
| To: | Stanaway, Laura A (DOCCS) |
| Subject: | Burns 97A6087 |

Per our telephone conversation on 5/18/15. Burns complaint regarding CO Naggy was filed as GH-79436-15 and is pending a Superintendent's response.

**Rebecca Loren**
Inmate Grievance Program Coordinator

**Department of Corrections and Community Supervision**
The Harriman State Campus - Building #2,1220 Washington Avenue, Albany, NY 12226
(518) 457-1885 l (518) 457-1891 (fax) l rebecca.loren@doccs.ny.gov

www.doccs.ny.gov



# Corrections and
# Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

To: I.G.R.C. Supervisor

From: Sgt. P. Moreau

Subject: G.H. 79436-15

Date: 5/10/15

    I am writing to you in reference to G.H. 79436-15 Inmate Burns was interviewed by me in the counseling area in building 2 at 1:00 P.M. on 5/9/15. Inmate Burns stated to me that the grievance is exactly what happened. There were no names given to me for possible witness interview. Officer Nagy denies all allegations and his to From is enclosed. Burns is a porter on B block and was allegedly trying to go to the yard in the middle of his assigned work module.

Respectfully Submitted,

*Sgt. P. Moreau*
Sgt. P. Moreau



## NEW YORK STATE | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

To: SGT MOREAU

From: CORRECTION OFFICER M. NAGY

Subject: GRIEVANCE 79436-15

Date: 5-4-15

IN RESPONSE TO THIS GRIEVANCE, I DON'T RECALL THIS INMATE OR INCIDENT, I CONDUCT MYSELF IN A PROFESSIONAL MANNER AND DIDN'T THREATEN THE INMATE. I DON'T OWN BLACK GLOVES AND I DON'T DRINK WHEN I'M IN THE YARD OR AT WORK.

RESPECTFULLY SUBMITTED
CO. NAGY

HISTORICAL GRVCS.000127

| NEW YORK STATE Corrections and Community Supervision | Grievance Number 79436-15 | | Date Filed 4/21/2015 |
|---|---|---|---|
| | Title DISCRIMINATION | | Code 49 |
| Inmate Grievance Program | Superintendent's Signature | | Date 12 3-18-15 |

Grievant alleges harassmet and discriminatory language used.

According to the investigation the grievant was interviewed by Sgt. M on 5/9/15. He offered no witness to substantiate his allegations. The grievant had nothing further to add to his complaint.

The officer named in this complaint was interviewed by Sgt. M and a written statement has been obtained. Officer N states that he does not own black gloves and does not drink alcohol at work.

According to the investigation the grievant's allegations could not be substantiated.

*** Grievance is denied only to the extent noted above.

---

Appeal   Statement

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

_____

_____

_____

_____          _____
Grievant's Signature                                Date

_____          _____
Grievance  Clerk's  Signature                     Date