UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TREVOR BURNS,

                Plaintiff,

        -against-

THOMAS GRIFFIN, et al,

                Defendants.
------------------------------------------------------------x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

16 CV 0782 (VB)(PED)

      WHEREAS discovery herein may include the production of information and/or documents that Defendant or the New York State Department of Corrections and Community Supervision ("DOCCS") contend (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or (b) contain information that is confidential under state or federal law,

      IT IS HEREBY STIPULATED AND AGREED that:

      1.    The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

      2.    Defendant Michael Nagy[1] may designate as confidential documents produced from the records of DOCCS and the information contained therein, the disclosure of which Defendant or DOCCS believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law, which

---

[1] By Order dated June 20, 2018, the Honorable Vincent Briccetti dismissed all claims against defendants Tokarz, Shaw, and Griffin. See Dkt. No. 82.

shall be referred to hereafter as "Confidential Material," including but not limited to the following:

a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

b. All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

c. Any individual's personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counselings;

d. All maps, blueprints, photographs, drawings, schematics, and any other written depiction or description of any DOCCS correctional facilities;

e. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" in DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

f. All DOCCS training materials for corrections officers, sergeants, lieutenants, captains, or deputy superintendents that refer to or concern correctional or institutional safety,

security, or good order;

g. Any other records that Defendant or DOCCS believe would compromise the safety or security of a DOCCS facility if disclosed to an inmate in the custody of DOCCS and/or the general public;

h. Any information of a personal or intimate nature regarding any individual.

3. If a party objects to the designation of any document as Confidential Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential Material within 30 days of the objecting party's receipt of the Confidential Material. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 60 days of the initial objection, request the Court to remove the designation. Any disputed documents shall be treated as Confidential Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict. The party that designated the document Confidential has the burden to show that the designation is proper.

4. Notwithstanding the provisions of paragraph 2, Confidential Material may be discussed with and shown to Plaintiff, a DOCCS inmate, as follows: (i) Plaintiff's own medical records; (ii) Plaintiff's own mental health records, provided that the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced; and (iii) Plaintiff's own statements to the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity.

5. In the event that there are any additional depositions taken in this Action, the

transcripts of those depositions will be treated as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 herein, and such designation must be provided to Plaintiff's counsel and Defendant's counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material.

6. An inadvertent failure to designate Confidential Material as confidential may be corrected by supplemental written notice given as soon as practicable.

7. To the extent Plaintiff's counsel obtained copies of documents described in paragraph 2 herein prior to the execution of this Stipulation and Protective Order and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information, once designated as Confidential Material, shall be treated hereafter as Confidential Material unless the parties resolve or the Court issues a ruling that such document or information is not Confidential.

8. Notwithstanding the treatment as Confidential Material of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS, it is understood that, to the extent that unauthorized disclosure of such information would violate N.Y. Civ. Rights Law § 50-a, the Health Insurance Portability and Accountability Act ("HIPAA") and N. Y. State Mental Hygiene Law § 33.13, the names, names of family members, residence addresses, employee insurance information, and Social Security

numbers of any employee who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS..

9. Notwithstanding the treatment as Confidential Material of personnel, health care or mental health care records that contain personally identifiable information concerning any current or former inmate in the custody of DOCCS, it is understood that, to the extent that unauthorized disclosure of such information would violate N.Y. Civ. Rights Law § 50-a, the Health Insurance Portability and Accountability Act ("HIPAA") and N. Y. State Mental Hygiene Law § 33.13, the names, names of family members, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any current or former inmate who has not provided DOCCS a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

10. Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

11. Access to the Confidential Material shall be limited to:

   a. Attorneys for Plaintiff;

   b. Attorneys for Defendant;

   c. Employees and independent contractors of the respective attorneys or their law firms for Plaintiff or Defendant who have direct functional or supervisory responsibility for the preparation or trial of this action, or any appeal thereof;

   d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendant,

except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

  e. Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

  f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendant; and

  g. The Court.

 12. Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that, in the event that Plaintiff's counsel intends to produce documents containing Confidential Material or that contain Confidential Material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendant's counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendant the opportunity to seek a protective order against such production unless the court orders that they be produced sooner, in which event Plaintiff's counsel will serve notice upon Defendant's counsel as soon as practicable.

 13. Except as provided for in paragraph 4 herein, consented to in writing by Defendant's counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS, with

the exception of Confidential Material which the Plaintiff has previously reviewed, which may be shown to or discussed solely with Plaintiff. Notwithstanding the foregoing, Plaintiff shall not be provided or given any Confidential Material, including those documents which he has previously reviewed.

14. No person receiving Confidential Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential Information pursuant to this Stipulation and Protective Order.

15. The Confidential Material shall not be disclosed in open court without first affording Defendant's counsel an opportunity to contest disclosure and/or admissibility of the Confidential Information. Nothing in this Stipulation of Confidentiality and Protective Order shall render otherwise admissible evidence inadmissible, subject only to the Court's taking action to preclude disclosure of such evidence to anyone other than the jury, the Court itself, and such other persons that the Court deems appropriate.

16. In the event that Plaintiff's counsel intends to file with the Court any papers that attach or enclose documents containing Confidential Material produced pursuant to this Stipulation and Protective Order or that contain Confidential Material obtained from such documents, including any future deposition transcripts, Plaintiff's counsel shall serve notice of such intention upon Defendant's counsel, identifying by Bates numbers the documents to be filed, not less than ten (10) business days prior to the filing thereof, to give Defendant the opportunity to request or move the Court to direct that such documents be filed under seal, unless the deadline to file is sooner, in which event Plaintiff's counsel will serve notice upon

Defendant's counsel as soon as practicable. Such notice shall not be construed as a waiver of the attorney-client privilege, attorney work product privilege, or any other applicable privilege or immunity.

17. Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

18. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

19. Confidential Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

20. Within thirty (30) days of the conclusion of this Action, including the disposition of any appeals, Plaintiff's counsel shall either return to Defendant's counsel all Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential Information, in whole or in part, and any copies made therefrom or shall

notify Defendant's counsel in writing that all such Confidential Information has been destroyed.

21. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraph 2 herein.

Dated: New York, New York

October 16, 2018

| | |
|---|---|
| **MENDES & MOUNT LLP**<br>Attorney for Plaintiff<br><br>By: _____<br>Glenn Greenberg<br>750 Seventh Ave, #24<br>New York, New York 10019<br>(212) 261-8211 | **BARBARA D. UNDERWOOD**<br>Attorney General of the State of New York<br>Attorney for Defendant<br><br>_____<br>Julinda Dawkins<br>Assistant Attorney General<br>28 Liberty Street, 18th Floor<br>New York, New York 10005<br>(212) 416-8118 |

SO ORDERED:

Dated: _____

_____
Vincent Briccetti, U.S.D.J.

# CERTIFICATION

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>Burns v. Griffin</u>, 16 Civ. 00782 (VB)(PED), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____
_____
ADDRESS

_____
TELEPHONE NUMBER