Mr. Trevor Burns 97-A-6087
eastern Correctional Facility
30 Institutional Road
P.O. Box 338
napanoch, New York 12458-0338

December 5, 2018

Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: <u>Burns v. Nagy</u>, 16 Civ. 782 (VB)

Dear Judge Briccetti:

    I am the Plaintiff Trevor Burns in the above-referenced Section 1983 action before the Court. On July 23, 2018, the Court issued an Order granting Plaintiff's oral motion request for <u>Pro Bono</u> counsel ("OPBC"). Subsequently, on or about August 30, 2018, Mr. Ira Greenberg, Esq., Locke Lord, LLP, Brookfield Place, 200 Vesey Street, 20th Floor, New York, New York 10281, filed a Notice of Limited Appearance as <u>Pro Bono</u> Counsel to represent Plaintiff at trial, which is set for March 25, 2019.

    This letter-motion represents a formal request to reopen discovery pursuant to Federal Rules of Civil Procedure Rule 16. Also, in the interest of fairness, the Court exercise its inherent authority to appoint an expert pursuant to Rule 706 of the federal Rules of Evidence. See <u>Reynolds v. Goord</u>, 2000 WL 825690, at *1-*2 (S.D.N.Y. Jun. 26, 2000); <u>Scott v. Spanjer Bros., Inc.</u>, 298 F.2d 928, 930-31 (2nd Cir. 1962). In another § 1983 case filed in this District arising from the same facts at issue here, the plaintiff's attorney in that case has recently been granted <u>Pro Bono Funds</u>, to effectively represent his clients case.

1.

See Culbreath v. Griffin, 2018 WL 5307480, at *1 (S.D.N.Y. Oct. 23, 2018)(granting pro bono counsel's request for $14,000 preauthorization of funds from the Pro Bono Fund to conduct depositions and retain services of medical expert in toxicology). Thus, Plaintiff respectfully request the Court appoint Dr. Jonathan Borak, a board-certified physician in medicine and toxicology. Relatedly, reopen discovery for the limited purpose of gathering all necessary information pertaining to the chemicals unnecessarily used on Plaintiff, so that this information can be provided to Dr. Borak to file his report.

As detailed in Culbreath v. Griffin, Dr. Borak's expert testimony and report "is critical to the central issues in Plaintiff's case," will address potential jury confusion," "present the clearest evidence to a jury regarding the unreasonableness of Defendant's contested actions," and provide the Court and jury with clear evidence of a nexus between plaintiff's substantial injuries and chemicals used on him.

Throughout the course of this litigation Plaintiff vigorously sought discovery concerning chemicals Defendant unnecessarily used on him (Docket Nos. 37, 38, 43, 49). Defendants' consistently objected to disclosure based on DOCCS safety and security concerns. However, Magistrate Judge Paul E. Davison, balanced Plaintiff's request for identifying the brand, type, or kind of chemical agents deployed by Defendant Michael t. Nagy, with DOCCS's concerns disclosure would jeopardize the safety and security of the correctional facility. Magistrate Judge Davison, decided Plaintiff's requests is proportional to the need of the case (Docket No. 49). Shortly thereafter, Defendants allowed Plaintiff to observe the complex contents of chemical agent discovery. Plaintiff was oblivious as to what majority of data entailed, without any understanding of said chemicals or its hazard associated with exposure. On September 9, 2018 discovery was complete with Defendants electing not to hire a medical expert.

For obvious reasons.

While Plaintiff continued to proceed pro se, he was at a total disadvantage. Equip with only identifying name, brand, and kind of chemical agents deployed by Defendant Officer Nagy on August 3, 2015. There was absolutely no evidentiary support--aside from Plaintiff's testimony and medical records--to establish the following: 1. Exposure caused plaintiff to suffer injuries as alleged in his complaint (see Docket No. 1, at pp. 4, 12); 2. Whether an hour of being doused with said chemical agents will mitigate sustained injury; 3. The amount of pain a victim would likely experience with chemical laying dormant on Plaintiff's skin for an hour; and 4. Whether exposure to these chemicals caused Plaintiff to develop two eye infections, nasal and throat infections, impaired vision, mucus seeping from Plaintiff's eyes, excruciating burning sensations about his entire body, pain when eyes are exposed to light, deteriorating blurred vision, breathing problems, and reoccurring skin irritation in the form of agonizing rashes with puss filled bumps about Plaintiff's body.

At Plaintiff's request his wife gathered helpful information concerning bodily health hazards (present and future) of the named chemical agents, the dangers of its compound makeup, potential side-effects from exposure, and time frame in which to treat victims or decontaminate in a timely fashion. This information is essential to the central issues of Plaintiff's claims. Plaintiff's wife mailed some of the afore-mentioned relevant information at Eastern Correctional Facility. The information was intercepted by prison officials and confiscated. Plaintiff's cell was searched with legal documents being confiscated. He was issued a misbehavior report and placed on Keep-Lock (confined to a cell 23 hours a day) for a week. See attached hereto is a letter from Ms. Julinda Dawkins, AAG, to Your Honor, dated December 19, 2017. Although the Court Ordered the Defendants counsel to ensure Plaintiff's documents are

returned (Docket No. 71), information consisting of the effects of aforesaid chemicals were prohibited. See attached exhibit para 3 ("Plaintiff will not be allowed to have persons outside the facility provide the plaintiff with additional information that could be used....").

In Culbreath, the plaintiff's attorney wrote a eloquent passionate letter-motion to the Courts, seeking capital to obtain discovery in anticipation of trial, 2018 WL 5307480, at *2-*4. The Courts agreed. Undoubtedly, the same arguments for discovery are applicable to Plaintiff, as the circumstances surrounding cause and effect/affect are identical. Notably, the Supreme Court confirmed the importance of expert testimony in prison cases. Beard v. Banks, 548 U.S. 521, 524 (2006)(Upholding grant of summary judgment against prisoner because he "did not offer any fact-based or 'expert-based' refutation [of prison officials argument]")(emphasis added).

Lastly, in Culbreath the plaintiff's attorney alluded to the fact discovery in his possession can contribute to Plaintiff's case, 2018 WL 5307480, at *4. For example, in the instant case Defendant Officer Nagy filed several reports averring he released the least potent of three chemical agents assessable for deployment (Docket Nos. 64, 66). However, in the latter-motion written by Mr. Culbreath's attorney to the Courts, the confidential discovery he obtained pertaining to deployment of the chemicals "suggests that chemicals of varying potencies were deployed." Culbreath, 2018 WL 5307480, at *3.

Reopening discovery and appointing Dr. Jonathan Borak will not prejudice the Defendant or be of any surprise. The Defendant is fully familiar with the doctor from Mr. Culbreath's case. Information concerning the chemicals at issue are being provided to Dr. Borak, so that he can complete his expert report. The defendants will have an opportunity to a deposition of doctor Borak, or already have done so. Most importantly, the Plaintiff's request will afford him a fair

and just opportunity to present his prudent claim. See OPBC, at 3 ("Hodge factors weigh in favor in favor of granting Plaintiff's application, including Plaintiff's ability to investigate ... complexity of legal issues ... [Representation would lead to a quicker and more just result by sharpening the issues....")(citations omitted.).

In light of the foregoing, Plaintiff respectfully request the Court reopen discovery and appoint Dr. Jonathan Borak to serve as an expert for Plaintiff at trial, and for such other and further relief, as this Court may deem just, proper, and equitable.

Sincerely,

*[signature]*

---

Note: I did not have an opportunity to consult my attorney before filing this letter-motion. Mr. Greenberg is presently out of the country. I wanted to be forthwith in making this request to avoid making a request on the eve of trial.



## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8118

December 19, 2017

**Via ECF**  
Honorable Vincent L. Briccetti  
United States District Judge  
Southern District of New York  
300 Quarropas Street  
White Plains, New York 10601

Re: **Burns v. Griffin**, 16 Civ. 782 (VB)(PED)

Dear Judge Briccetti:

  The Office of the New York State Attorney General represents the defendants in the above-captioned *pro se* matter. We write in response to the Court's Order of this date. (Docket 71). All the legal materials that were confiscated have already been returned to plaintiff and he has been released from keeplock. Plaintiff was recently transferred, and the staff at his new facility was not yet aware of this lawsuit. There will be no disciplinary penalties for the items that plaintiff had in his possession.

  Defendants note that this incident was triggered by plaintiff's wife mailing to plaintiff information about the effects of chemical agents and the ways to counteract the specific chemical agent that was used. Inmates cannot be allowed to possess such information because it presents serious security concerns if they can avoid, minimize or completely counteract the exposure to the chemical agents used by DOCCS, which are designed to temporarily incapacitate when a violent situation is threatened.

  This Court's prior order was intended to strike a balance between plaintiff's wish to have information relating to the chemical agent that he alleges injured him to litigate his case and the almost crippling security concerns that result from an inmate having knowledge concerning the specifics of the use of chemical agents by DOCCS. DOCCS has already given plaintiff an opportunity to review and take notes regarding the specific chemical agent used, in full compliance with that Order, but the Court did not order any further disclosure in this regard. Plaintiff will not be allowed to have persons outside the facility provide the plaintiff inmate with additional information that could be used to counteract the chemical agent used by DOCCS in the future – contraband information which plaintiff could then spread to other inmates at the facility, essentially rendering this critical security option completely ineffective. (Defendants note that this is exactly the concern

that DOCCS was attempting to avoid in objecting to the prior disclosure).

Respectfully Submitted,
/s/
Julinda Dawkins
Assistant Attorney General

cc: Trevor Burns (DIN 97A6087)
Eastern Correctional Facility
(via First Class Mail)