| | |
|---|---|
| Glenn Greenberg<br>MENDES & MOUNT LLP<br>750 Seventh Avenue #24<br>New York, NY 10019<br>(O) 212.261.8211<br>(F) 212.261.8750<br>Glenn.greenberg@mendes.com<br><br>Ira G. Greenberg<br>LOCKE LORD LLP<br>200 Vesey Street, suite 2001<br>New York, NY 10281<br>(O) 212.912.2756<br>(F) 888.325.9157<br>Ira.greenberg@lockelord.com<br><br>Attorneys for Plaintiff | LETITIA JAMES<br>Attorney General of the State<br>of New York<br>By:<br>Julinda A. Dawkins<br>Colleen K. Faherty<br>Kacie Lally<br>Assistant Attorneys General<br>New York City Litigation Bureau<br>New York State Office of the Attorney<br>General<br>28 Liberty Street, 18th floor<br>New York, NY 10005<br>Tel: 212.416.6046; -8118; -8599<br>Fax: 212.416.6009<br>Julinda.Dawkins@ag.ny.gov<br>Colleen.Faherty@ag.ny.gov<br>Kacie.Lally@ag.ny.gov<br><br>Attorneys for Defendant |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

TREVOR BURNS,

       Plaintiff,                                No. 16 Civ. 782 (VB)

versus

THOMAS GRIFFIN, et al.,                   JOINT PRETRIAL ORDER

       Defendant.

----------------------------------------------------------x

       Pursuant to Fed. R. Civ. P. 16 and the Court's individual practices, the parties submit the following proposed joint pretrial order:

       i.       Caption: The caption of the action is as above. On June 20, 2018, this Court granted defendants Griffin, Tokarz, and Shaw's motions for summary

1

judgment. The parties request that the Court amend the caption to reflect that only Michael Nagy remains a defendant.

    ii.    <u>Names, addresses, and telephone and fax numbers of trial counsel</u>:

<u>For plaintiff:</u>

Glenn Greenberg
Mendes & Mount LLP
750 Seventh Avenue #24
New York, NY 10019
(O) 212.261.8211
(C) 203.856.0764
(F) 212.261.8750

Ira G. Greenberg
Locke Lord LLP
200 Vesey Street, suite 2001
New York, NY 10281
(O) 212.912.2756
(C) 203.858.7169
(F) 888.325.9157

<u>For defendant:</u>

LETITIA JAMES
Attorney General of the State of New York
By:
Julinda A. Dawkins
Colleen K. Faherty
Kacie Lally
Assistant Attorneys General
New York City Litigation Bureau
New York State Office of the Attorney General
28 Liberty Street, 18th floor
New York, NY 10005
Tel: 212.416.6046; -8118; -8599
Fax: 212.416.6009
Julinda.Dawkins@ag.ny.gov
Colleen.Faherty@ag.ny.gov
Kacie.Lally@ag.ny.gov

    iii.    <u>Subject matter jurisdiction</u>: This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343. Plaintiff is suing for deprivation of his rights

2

under the eighth amendment to the United States Constitution and 42 U.S.C. § 1983. The jurisdiction of this Court is not disputed.

    iv.    <u>Summary of Claims and Defenses</u>:

<u>For plaintiff</u>:

The remaining claim is that defendant Michael Nagy deprived plaintiff Trevor Burns, an inmate at the time at Green Haven, of his constitutional and statutory rights when Nagy, a corrections officer, gassed him twice. This Court has dismissed Mr. Burns' claims insofar as based on inadequate medical care from the same incident.

<u>For defendant</u>:

Defendant Nagy released the chemical agent as a good-faith effort to maintain or restore discipline when multiple violent disturbances broke out in the mess hall. Therefore, plaintiff cannot establish the subjective component of an Eighth Amendment claim. Defendant Nagy did not act in a malicious way or in wanton disregard of plaintiff's constitutional rights. In the alternative, Defendant Nagy is entitled to qualified immunity on plaintiff's claim.

Defendants' entitlement to qualified immunity is an issue of law to be decided by the Court based upon the facts found by the jury. Unless otherwise directed by the Court, the parties will prepare proposed special interrogatories for the jury prior to the charge conference. <u>See</u> <u>Cowan v. Breen</u>, 352 F.3d 756, 764-65 n. 8 (2d Cir. 2003) (discussing use of special interrogatories in qualified immunity cases).

    v.    <u>Trier of Fact and Expected Length of Trial</u>: The case is to be tried to a jury. The parties expect that the trial will take between three and five trial days.

vi. <u>Trial by Magistrate Judge</u>: One or both parties have not consented to trial by magistrate judge.

vii. <u>Stipulations</u>: The parties have stipulated that the baton marked as PX 26 is a fair and accurate exemplar of a baton that any correctional officers who used a baton actually used on the date of the incident in question. Not all officers carry batons.

viii. <u>Witnesses</u>:

For plaintiff

1. Trevor Burns, under custody of DOCCS: Mr. Burns will testify about the events on and after the date of the incident, his injuries from the incident, and Mr. Nagy's animus against inmates generally, and those of color and other minority group members more particularly.

2. Robert Cocuzza, address unknown to plaintiff: Former Lt. Cocuzza would testify as on cross-examination about the events on the date of the incident. Mr. Burns has subpoenaed Lt. Cocuzza in accordance with the instructions of DOCCS.

3. Lamont Devorce, 100 Greenvale Circle, apt. 33A, White Plains, NY 10607: Mr. Devorce would testify about the events on the date of the incident, the effects of the gas on him, and Mr. Nagy's animus against inmates generally, and those of color and other minority group members more particularly.

4. Michael Nagy, address unknown to plaintiff: Mr. Nagy would testify as on cross-examination about the events on the date of the incident and about the gas used on that date. Mr. Burns has subpoenaed Mr. Nagy in accordance with the instructions of DOCCS.

5. Frank K. Bigit, 10-06 35th Avenue, Long Island City, NY 11106: Mr. Burns reserves the right to call Mr. Bigit, the author of the OSI report, if the report itself is received in evidence or if any witness is allowed to testify to its purported contents. [Defendant objects to the relevance of calling this witness as any testimony would be, inter alia, based on hearsay and not admissible.]

6. Custodian of documents, DOCCS: Mr. Burns reserves the right to call a custodian of documents in the employ of DOCCS to establish the authenticity and admissibility of DOCCS documents if Mr. Nagy will not so stipulate. The custodian may or may not be Mr. Bigit (see no. 5). [Defendant objects as this individual has not been identified.]

For defendant

In addition to those witnesses identified below, Defendant reserves the right to amend this list as necessary, and Defendant reserves the right to object to any witnesses that Plaintiff intends to call regardless of their inclusion on these lists. Defendant reserves the right to call in his case-in-chief any or all of the witnesses identified by Plaintiff. Defendant also reserves the right to call additional witnesses for purposes of impeachment or rebuttal.

1. C.O. Nagy: C.O. Nagy will testify as to the claim against him, about the events on the day of the incident, his duties as a corrections officer, his interactions with plaintiff, and the use of chemical agent released in the West Mess Hall at Green Haven C.F. on August 3, 2015.

5

2. Sgt. Cocuzza: Sgt. Cocuzza (retired) is expected to testify as to the events as he observed them on the day of the incident, as well as his duties as a supervising sergeant.

3. C.O. Cocuzza: Former C.O. Cocuzza is expected to testify as to the events as he observed them on the day of the incident, as well as his duties as a corrections officer.

4. C.O. Dillon: C.O. Dillion is expected to testify as to the events as he observed them on the day of the incident, as well as his duties as a corrections officer.

5. C.O. Huttel: C.O. Huttel is expected to testify as to the chemical agent system used by DOCCS at Green Haven C.F. and his duties as a weapons training officer at Green Haven C.F.

6. C.O. Hynes: C.O. Hynes is expected to testify as to the events as he observed them on the day of the incident, as well as his duties as a corrections officer.

7. DSS Melville (formerly Captain): DSS Melville will testify as to DOCCS' policies and procedures regarding the use of force, as well as to the events as he observed them on the day of the incident.

8. Colonel Pierce: Col. Pierce is expected to testify as to DOCCS' policy involving the use of chemical agents and the side effects of the chemical agents.

9. C.O. Pryear: C.O. Pryear is expected to testify as to the events as she observed them on the day of the incident, as well as her duties as a corrections officer.

10. DSS Russo: DSS Russo is expected to testify as to DOCCS' policies and procedures regarding the use of force and procedures at Green Haven.

11. C.O. Thorne: C.O. Thorne is expected to testify as to the events as he observed them on the day of the incident, as well as his duties as a corrections officer.

12. Dr. Wolf: Dr. Wolf will testify in her capacity as a DOCCS physician at Green Haven C.F., and as a treating provider for Plaintiff after the incident.

13. Dr. Wurzel: Dr. Wurzel will testify in his capacity as a physician of optometry at Green Haven Correctional Facility and as a treating provider for Plaintiff after the incident.

  ix. <u>Deposition Testimony in Case-in-Chief</u>

For plaintiff: None

For defendant: None.

  x. <u>Exhibits:</u>

For plaintiff[1]

| EXHIBIT | DESCRIPTION | ADDITIONAL DESCRIPTOR |
|---|---|---|
| 1 | Photographs | Exhibit in Curry v. State |
| 2* | Decl. of Lt. Robert Cocuzza with exhibit | Dkt No. 61 |
| 3* | [2] | |
| 4* | Decl. of Michael Nagy with exhibits` | Dkt. No. 66 |
| 5* | Unusual Incident Report | BURNS21-26 |
| 6* | Memo, Sgt. Cocuzza to Griffin, Aug. 3, 2015 | BURNS40-41 |
| 7* | Memo, Nagy to Griffin, Aug. 3, 2015 | BURNS42 |

---

[1] The parties have agreed that PX 27-29 are admissible with redactions but have not yet agreed on the redactions.

[2] This exhibit, the declaration of C.O. Robert Cocuzza with exhibits, is intentionally omitted based upon defendant's insistence that all exhibits that Mr. Burns would only offer for impeachment purposes be deleted. Mr. Burns reserves the right to use that exhibit for impeachment and for administrative convenience retains his numbering of later exhibits.

7

| 8* | Use of Force Report, Nagy, Aug. 3, 2015 | BURNS43-44 |
| --- | --- | --- |
| 9* | Use of Force Report, Sgt. Cocuzza, Aug. 3, 2015 | BURNS69 |
| 10* | Memo, Snow to Griffin, Aug. 3, 2015 | BURNS72 |
| 11* | Memo, Fields to Griffin, Aug. 3, 2015 | BURNS73 |
| 12* | Memo, Pryear to Griffin, Aug. 3, 2015 | BURNS74 |
| 13* | Use of Force Report, Sgt. Cocuzza, Aug. 3, 2015 | BURNS85 |
| 14* | Memo, Crousset to Griffin, Aug. 3, 2015 | BURNS88 |
| 15* | Memo, Thorne to Griffin, Aug. 3, 2015 | BURNS89 |
| 16* | Use of Force Report, Sgt. Cocuzza, Aug. 3, 2015 | BURNS99 |
| 17* | Memo, Davis to Griffin, Aug. 3, 2015 | BURNS103 |
| 18* | Memo, Dillon to Griffin, Aug. 3, 2015 | BURNS104 |
| 19* | Memo, Miller to Griffin, Aug. 3, 2015 | BURNS105 |
| 20* | Memo, Hynes to Griffin, Aug. 3, 2015 | BURNS106 |
| 21* | Memo, Cocuzza to Griffin, Aug. 3, 2015 | BURNS107 |
| 22* | CORC decision, Nov. 18, 2015 | BURNS143 |
| 23* | Grievance Complaint, Burns, Aug. 4, 2015 | BURNS145 |
| 24* | Grievance Complaint, Burns, Aug. 3, 2015 | BURNS146-47 |
| 25* | IGRC recommendation, Aug. 12, 2015 | BURNS CONSOL GRVCS4 |
| 26* | Exemplar of a "baton" | |
| 27* | ███████████████████████ | BURNS CONFIDENTIAL001-03 |
| 28* | ███████████████████████ | BURNS CONFIDENTIAL004-10 |
| 29* | ███████████████████████ | BURNS CONFIDENTIAL011-15 |
| 30* | Unusual Incident Report, Preliminary | BURNS179-88 |
| 31*[3] | Email chain, Miller to Bigit, Aug. 10, 2015 | BURNS202-03 |
| 32* | Report of interview, Robert Cocuzza, Aug. 3, 2015 | BURNS216 |
| 33* | Memorandum, Lilley to Griffin, Oct. 1, 2015 | BURNS303 |
| 34* | ███████████████████████ | BURNS165 |
| 35 | Burns' DOCCS medical records | BURNS635-1212 |
| 36* | BLS work life expectancy tables | |

---

[3] Mr. Burns will seek to introduce this exhibit only in the event that the Court permits evidence of the result of the OSI investigation, of which Mr. Bigit was the signatory and the putative author.

8

For defendant:

| EXHIBIT | DESCRIPTION | ADDITIONAL DESCRIPTOR |
|---|---|---|
| A | Photographs of Mess Hall from 8/3/15 | Exhibits in Curry v. State; BURNS CONFIDENTIAL DP-001 to DP-014 |
| B | Feeding Count | BURNS 51 |
| C | Medical Records | BURNS 635-1212; BURNS MEDICAL 0001-DP to -016-DP |
| D | Photographs of Mess Hall from 12/10/18 | BURNS CONFIDENTIAL 001-DP–016-DP |
| E | ▮▮▮▮▮▮ | BURNS CONFIDENTIAL001-03 |

xi. <u>Relief Sought</u>:

Mr. Burns seeks compensatory damages for past and present pain and suffering and loss of the enjoyment of life as the result of transient and permanent medical impairment; compensatory damages for impairment of his ability to seek employment; and punitive damages in such amount as the jury may award. The first and third categories of damages are unliquidated. The second ($336,960) is calculated as 11.7 years remaining in Mr. Burns' expected work life under the work life tables of the Bureau of Labor Statistics as of April 6, 2021, the date upon which he is eligible for parole, times the $15 an hour difference between the job offer he has to do construction and New York minimum wage.

xii. <u>Trial by Less Than Unanimous Verdict</u>: The parties do not consent to a verdict by less than a unanimous jury.

Dated: New York, NY
January 30, 2019

        Glenn Greenberg
        MENDES & MOUNT LLP
        750 Seventh Avenue #24
        New York, NY  10019
        (O)  212.261.8211
        (F)  212.261.8750
        Glenn.greenberg@mendes.com


        /s/ Ira G. Greenberg
        _____
        Ira G. Greenberg
        LOCKE LORD LLP
        200 Vesey Street, suite 2001
        New York, NY  10281
        (O)  212.912.2756
        (F)  888.325.9157
        Ira.greenberg@lockelord.com

        Attorneys for Plaintiff


        /s/ Colleen K. Faherty
        _____
        LETITIA JAMES
        Attorney General of the State of New York
        By:
        Julinda A. Dawkins
        Colleen K. Faherty
        Kacie Lally
        Assistant Attorneys General
        New York City Litigation Bureau
        New York State Office of the Attorney General
        28 Liberty Street, 18th floor
        New York, NY  10005
        Tel: 212.416.6046; -8118; -8599
        Fax: 212.416.6009
        Julinda.Dawkins@ag.ny.gov
        Colleen.Faherty@ag.ny.gov
        Kacie.Lally@ag.ny.gov

Case 7:16-cv-00782-VB Document 2471 Filed 02/05/19 Page 10 of 11

SO ORDERED:

_____
U.S.D.J.

Dated: White Plains, NY
February \_\_, 2019

AM70121787.1

11