

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6046

May 20, 2019

**Via ECF**
Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:  <u>Burns v. Griffin</u>, 16 Civ. 782 (VB)(PED)

Dear Judge Briccetti:

  This Office represents defendant Nagy in the above-captioned action. We write in response to the Court's Order at ECF No. 159. This Office has submitted for *in camera* review a copy of the transcript with proposed redactions.[1] The overall basis for the redactions is that certain evidence is highly sensitive and the Department of Corrections and Community Supervision ("DOCCS") maintains such information in the strictest of confidence. Certain testimony elicited during trial is highly sensitive in nature and could jeopardize institutional security if placed in the public realm and therefore becomes available to persons in DOCCS custody. Indeed, prior to trial defendant moved to have certain portions of the trial closed to the public and requested the Plaintiff be removed for that highly security-sensitive testimony. (ECF Nos. 129-130). A significant concern for DOCCS is that the release of this highly security-sensitive information could be manipulated in order to evade the purposes of the chemical agent.

  During days one and two of trial (March 25-26, 2-19), Defendant Nagy provided testimony about the chemical agent's form and concentrations. During day four of trial (March 28, 2019), two security personnel (witnesses Col. Carl Pierce and Officer Daniel Huttel) provided highly sensitive testimony about the chemical agent system employed by DOCCS. Additionally, a photograph (Defs. Exh. A, DP-10) was utilized throughout the trial which included specific weight information about the chemical agent used and testimony was elicited about this subject.

---

[1] Because of the sensitive nature of this request, proposed redactions to the trial transcript have not been filed on ECF but, instead, are being sent to the Court under separate cover.

28 Liberty Street, New York, New York 10005 ● Tel.: (212) 416-8610 ● Fax: (212) 416-6075 (Not For Service of Papers)
http://www.ag.ny.gov

Hon. Vincent L. Briccetti                                                                                              Page 2
May 20, 2019

      As previously stated in Defendant's application to close portions of the trial, information about the specific details concerning the chemical agent and its use, (such as its name, its weight, and information about the calculations about the agent and the resultant effects) are of a kind and nature that should be kept in the strictest of confidence to preserve institutional security. Indeed, as this Office has repeatedly stated, the security concerns are credible and were already borne out by Plaintiff's conduct earlier in this case. Plaintiff used highly sensitive information obtained during discovery to violate DOCCS rules, seeking to introduce contraband information into the facility, jeopardizing the facility. Specifically, Plaintiff used information he learned during discovery to recruit his wife to provide him information about the chemical agent, including "ways to counteract the specific chemical agent that was used" on August 3, 2015. (ECF No. 72). Plaintiff's flagrant violation of his discovery privilege is sufficient to demonstrate a concrete injury DOCCS has already suffered and enforces how significant DOCCS' security concerns are with this sensitive information. There is no way to control the dissemination of this information without having the record redacted.

      Wherefore, Defendant respectfully requests that the Court grant the request to redact the trial transcript as proposed by this Office. We thank the Court for its consideration.

                                            Respectfully submitted,

                                            /s/
                                          Julinda A. Dawkins
                                          Colleen K. Faherty
                                          Assistant Attorneys General

Encl. (under separate cover)
cc:     Trevor Burns, DIN #97-A-6087