UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TREVOR BURNS,                                          :
                              Plaintiff,               :        **MEMORANDUM OPINION**
v.                                                     :        **AND ORDER**
                                                       :
MICHAEL T. NAGY,                                       :        16 CV 782 (VB)
                              Defendant.               :
--------------------------------------------------------------x

Briccetti, J.:

       The Court held a jury trial in this case from March 25 to 29, 2019, after which the jury

returned a verdict in defendant's favor.  Plaintiff has since appealed the verdict and judgment.

(Doc. #156).

       On May 3, 2019, defendant moved to seal selected trial testimony.  (Doc. #158).  The

Court deferred ruling on defendant's motion and ordered defendant to submit proposed redacted

transcripts for the Court's review and to briefly indicate the basis for each redaction.  (Doc.

#159).  On May 20, 2019, defendant publicly filed a letter stating the general bases for his

request to seal and submitted proposed redactions for the Court's in camera review.  (Doc.

#162).[1]

       The Court has reviewed defendant's submissions and proposed redactions.  For the

following reasons, defendant's motion to seal is GRANTED IN PART and DENIED IN PART.

       The Court assumes the parties' familiarity with the facts and procedural history of this

case.

---

[1]     The Court mailed a copy of its Order to plaintiff at his new address at Ulster Correctional
Facility.  (Doc. #159).  Plaintiff did not file an opposition.

**DISCUSSION**

Defendant seeks to seal selected trial testimony.  In support of his request, defendant submitted only an "overall basis" for his proposed redactions—maintaining institutional security—without explaining how the selected trial testimony he seeks to seal would, if it remained public, jeopardize institutional security.  (Doc. #162).

Nevertheless, based on the Court's own in camera review of defendant's proposed redactions, the Court concludes some, but not all of the selected trial testimony should be redacted.

In this Circuit, courts look to two sources of law to determine whether a document should be placed under seal:  the common law and the First Amendment.

The common law analysis proceeds in three steps.  First, the Court determines whether the relevant document is a "judicial document" to which a presumption of public access attaches.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).  "A judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process."  Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016) (internal quotations omitted).  Second, if the presumption of access applies, the Court assesses its weight.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 119.  The weight to be given the presumption of access depends on where the information falls on a continuum of "matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."  Id. at 119.  Third, the Court balances the presumption against competing considerations.  Id. at 120.  Such considerations may include, for example, "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  Id. (internal quotations omitted).

The First Amendment analysis involves two inquiries.  There is the "experience and logic approach," which "requires the court to consider both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question."  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 120 (internal quotations omitted).  And there is a second approach that "considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings."  Id. (internal quotations and alterations omitted).  Even if there is a First Amendment right of access to a judicial document, the document may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Id. (internal quotation omitted).  "Broad and general findings by the trial court, however, are not sufficient to justify closure."  Id.

Here, the trial testimony defendant seeks to seal can be divided into the following eight categories:

1.      The effects of the chemical agent (19:6–8);

2.      The physical form of the chemical agent (19:9-10; 81:19-20, 22-23; 82-1, 4, 6-8; 404:22-23; 414:8-15; 415:21-22; 416:1-12; 532:22; 657:7-15);

3.      The chemical makeup of the chemical agent (152:16, 20, 25; 153:1, 3, 4, 5, 14-15, 17; 410:21);

4.      Information regarding the effects of different concentrations of the chemical agent (348:9-12; 349:2-5; 353:4, 15-16; 354:6-14; 411:19; 412:10, 12, 14-15, 18, 19, 20-21, 22; 413:3; 413:7–9, 11, 14, 17-25; 414:1; 655:5-25; 656:1; 689:6-10, 13-17, 21, 23-25; 690:1-2, 12-14);

5.     The brand of the chemical agent release system and of the chemical agent itself (319:6-7; 371:16, 18, 22, 23; 408:9, 13, 16; 413:7; 478:25);

6.     Department of Correction and Community Supervision ("DOCCS") training protocols and strategy in releasing the chemical agent (131:7-12; 384:13-23, 25; 385:1, 7-10, 12-16; 434:22-25; 435:1; 479:24-25; 480:1);

7.     Details regarding how the chemical agent is released (166:13; 416:1-7); and

8.     The color-coding of the different concentrations of the chemical agent (99:19-20, 22, 24; 100:1, 3, 5; 142:1-2; 144:22-24; 145:1, 3-6, 146:5; 165:12-13, 15-16, 19; 215:5, 7; 410:20; 677:5, 10, 18).

Categories 1 through 7 contain information that, if it were to remain publicly available, could impair law enforcement by apprising inmates of the nature and use of a law enforcement tool necessary for maintaining institutional security.  Indeed, inmates could harness information regarding the effects, physical form, chemical makeup, and brand of the chemical agent in an attempt to counteract its use.  Likewise, inmates could use information regarding the different concentrations of the chemical agent in different areas of facilities to temper their responses to the use of the chemical agent.  For instance, inmates could learn when it would be safe to remain in the presence of the chemical agent.  The chemical agent would thus lose its intended effect.  Finally, inmates could draw upon DOCCS training protocols and details regarding how the chemical agents is released to plan an organized response to the use of the chemical agent, jeopardizing the safety of other inmates and officers.

Thus, under the common law analysis, competing interests outweigh the presumption of public access to the testimony in Categories 1 through 7.  Moreover, under the First Amendment

analysis, the proposed redactions of that testimony are essential to preserve higher values and are narrowly tailored to serve that interest.

Category 8, however, contains information that has been publicly available since defendants filed their motion for summary judgment on December 13, 2017. (Doc. #58). For example, defendant's Rule 56.1 Statement explains, "The chemicals can be deployed by activating the yellow switch for the least concentration, an orange switch for the mid-level concentration, and a red switch for the highest concentration." (Doc. #60 ¶ 25). Defendant did not move to seal such information when he moved for summary judgment, and there has been no motion since then to seal the information contained in the summary judgment papers. Therefore, competing interests do not outweigh the presumption of public access to judicial documents regarding testimony concerning the color-coding of different concentrations of the chemical agent.

Accordingly, defendant's motion is granted as to Categories 1 through 7 and denied as to Category 8.

## CONCLUSION

Defendant's motion is GRANTED IN PART and DENIED IN PART.

By June 17, 2019, defense counsel shall file a letter with the full <u>redacted</u> transcripts for each day of trial attached as separate exhibits. Defense counsel shall not redact testimony from the lines identified above under Category 8.

In addition, defense counsel shall file under seal <u>unredacted</u> copies of each day of trial, in accordance with the Court's instructions for filing documents under seal, available at http://www.nysd.uscourts.gov/cases_records.php?records=sealed_records. The Court will then order the Clerk to replace the transcripts on the docket with the redacted transcripts.

The Clerk is directed to terminate the motion (Doc. #158) mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: June 7, 2019
     White Plains, NY

                                        SO ORDERED:

                                        Vincent L. Briccetti
                                        United States District Judge